# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2015-0036, <u>State of New Hampshire v. Robert Conway</u>, the court on December 4, 2015, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Robert Conway, appeals his conviction, following a jury trial, of felony stalking. <u>See</u> RSA 633:3-a (Supp. 2014). He argues that the Superior Court (<u>Brown</u>, J.) erred in denying his request to redact certain portions of a domestic violence protective order that was admitted at trial. He asserts that certain statements regarding prior acts of abuse committed against the victim and other provisions of the order were inadmissible as evidence of prior bad acts under Rule 404(b).

We accord the trial court considerable deference in determining the admissibility of evidence, and we will not disturb its decision absent an unsustainable exercise of discretion. <u>State v. Munroe</u>, 161 N.H. 618, 626 (2011). "To demonstrate an unsustainable exercise of discretion, the defendant must show that the trial court's ruling was clearly untenable or unreasonable to the prejudice of his case." <u>Id</u>. Evidence Rule 404(b) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

<u>N.H. R. Ev.</u> 404(b). "[B]efore a trial court admits 'other crimes, wrongs, or acts' evidence pursuant to Rule 404(b), it generally must first determine: (1) that the evidence is relevant for a purpose other than character or disposition; (2) that there is clear proof that the defendant committed the prior act; and (3) that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice to the defendant." <u>State v. Roy</u>, 167 N.H. 276, 287 (2015) (quotation omitted). Here, the defendant challenges the first and third prongs.

To convict the defendant of stalking in this case, the State was required to prove beyond a reasonable doubt that he was served with, or was otherwise provided notice of, a protective order issued pursuant to RSA chapter 173-B that prohibited contact with the victim, and that he purposely, knowingly, or recklessly violated the order and engaged in an act listed in RSA 633:3-a, II(a) by entering the victim's residence. See RSA 633:3-a, I(c).

The record shows that the defendant declined to stipulate as to the validity or effect of the protective order. Accordingly, he does not assert that the protective order was inadmissible in its entirety. Instead, he argues that the court erred in admitting statements in the order relating to prior acts of abuse and certain other provisions. Specifically, he sought to redact language: (1) restraining him from committing "further acts of abuse or threats of abuse"; (2) finding him to have committed an act of domestic violence; and (3) informing him that a willful violation of the order constitutes a crime and contempt of court, shall result in arrest, and may result in imprisonment.

The trial court agreed, however, to redact language in the order specifically describing the defendant's prior acts of domestic violence. The remaining statements to which he objected consisted of boiler plate language contained in the standard form protective order. As to these remaining statements, the State argued that the language was relevant to show the jury that the order "protect[ed] [the victim] from [the] Defendant for a reason." The trial court agreed with the State that the language was relevant to the defendant's "knowledge of the order and the significance of the order."

The defendant argues that the references indicating that he engaged in prior, unspecified acts of abuse were not relevant for any proper purpose. As previously noted, the State was required to prove that the defendant acted "purposely, knowingly, or recklessly" in violating the protective order. See RSA 633:3-a, I(c). A defendant's intent often must be proven by circumstantial evidence. State v. Zubhuza, 166 N.H. 125, 130 (2014). "The jury is entitled to infer the requisite intent from the defendant's conduct in light of all the circumstances." State v. Craig, 167 N.H. 361, 379 (2015). In this case, we conclude that the jury was entitled to infer the requisite state of mind from the defendant's conduct in light of the unredacted content of the protective order.

The defendant argues that even if the language was relevant for a proper purpose, it was unfairly prejudicial to allow evidence "[i]nforming the jury that the order to which [he] was subject was founded on a judicial finding that he had previously abused [the victim]." We conclude, however, that the jury could have reasonably inferred from language in the order to which the defendant did not object that he committed a prior act of domestic violence against the victim. Such language includes, most notably, the title, "Domestic Violence Final Order of Protection," which appears in large, bold, capital letters on the top of the first page. Under the title, the victim is identified as the plaintiff, and the defendant

2

is identified as her former, cohabiting boyfriend.  The order recites that it was issued after consideration of the plaintiff's domestic violence petition and a hearing of which the defendant received actual notice.  The order prohibits the defendant from having any contact with the victim.  In light of these other provisions, which were admitted without objection, we conclude that the defendant has failed to show that the admission of the statements to which he objected created a danger of unfair prejudice that substantially outweighed their probative value.  See Roy, 167 N.H. at 287.  Based upon this record, we cannot conclude that the trial court unsustainably exercised its discretion in admitting the unredacted statements.  See Munroe, 161 N.H. at 626.

Affirmed.

Dalianis, C.J., and Hicks, Conboy, Lynn, and Bassett, JJ., concurred.

**Eileen Fox,
Clerk**

3